(40 Misc. Rep. 377.)

## In re STEVENS.

(Surrogate's Court, Washington County. March, 1903.)

1. JUDGMENT—COLLATERAL ATTACK.
　　A legatee cannot, on an order for the executor to show cause why she should not be paid her legacy, attack a decree, to which she was a party, settling the estate, and deciding objections as to charges against her legacy.

In the matter of the estate of Franklin Stevens. Petition of Margaret J. Stevens for payment of legacy. Dismissed.

J. Sandford Potter, for petitioner.
Abner Robertson, for acting executor.

DAVIS, S. This is a proceeding instituted by Margaret J. Stevens, a beneficiary and legatee named in the will of Franklin Stevens, deceased, requiring the acting executor to show cause why her legacy should not be paid. The acting executor files a verified answer to the petition, alleging that the legacy has been fully paid, and that all matters sought to be reviewed and considered in this proceeding were judicially settled by a decree of this court granted December 27, 1901. It appears that by the terms of the will of the said testator this petitioner was to receive the interest and income of certain

investments directed by the will to be made by the executor, and
that certain expenses for the care and repairs and for the preserva-
tion of the property were to be charged, some to the corpus of the
estate, others to the income, and some to the petitioner's share of
the income. Without going into details as to the merits of the sev-
eral items, or whether they are promptly chargeable against certain
funds of the estate, we think it sufficient to say for the purposes of
this proceeding that all those matters were fully considered and judi-
cially settled in an accounting had in this court, in which all parties
were cited and in court, and a decree granted December 27, 1901.
The petitioner in this proceeding claims that the decree was er-
roneous, and that the surrogate committed an error in decreeing cer-
tain expenses to be a charge upon the widow's share of the income.
Whether that be so or not, we do not think that that question ought
to be reviewed in a proceeding like this, commenced by an order to
show cause. If the surrogate erred, and the decree is erroneous,
the decree could have been appealed from, and the error corrected,
or the decree could have been opened, which the law permits to be
done under certain conditions, and when a sufficient cause is shown.
The court in this proceeding is not asked to open, modify, nor to
vacate the decree of December 27, 1901, but we are asked to make
another decree, which would be in direct conflict with the one already
granted. So long as the decree of December 27th stands unreversed
and unmodified, we think that all parties are bound by it, and that
it ought not to be rendered null and void, as to a material and sub-
stantial part of it, by another proceeding, commenced by an order
to show cause. Motion to dismiss the proceeding must be granted.

Proceeding dismissed.